UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
State of New York,

                      Plaintiff,          **MEMORANDUM RULING**

     -against-                         Case No. 02-3476 (TLM)

Michael Adamowicz, et al.,

                      Defendants
--------------------------------------------------------------- X

      Before the Court is plaintiff State of New York's Motion in Limine [Rec. Doc. 256] and Memorandum of Law in Support [Rec. Doc. 256-1], defendants One Adams Blvd. Realty Corp., Michael Adamowicz III, and Elizabeth M. Fraser's Memorandum of Law in Opposition [Rec. Doc. 257], and plaintiff's Reply Memorandum of Law in Support [Rec. Doc. 258]. Also before the Court are the plaintiff's and the defendants' letter memoranda [Rec. Docs. 264, 266] ("Summary Memoranda") summarizing the parties' positions on the plaintiff's Motion in Limine, filed pursuant to the Court's December 20, 2012 Minute Entry [Rec. Doc. 262]. The plaintiff's Motion seeks to exclude any evidence offered to support the defendants' affirmative defense that at least some of the plaintiff's costs were "unnecessary" and therefore not recoverable as part of plaintiff's CERCLA claim ("unnecessary costs defense"). [Rec. Doc. 256-1, at 1].[1] The defendants argue in opposition that their unnecessary costs defense is viable and they should be permitted to introduce evidence in support of that defense. [Rec. Doc. 257, at 6]. For the following reasons, plaintiff's motion will be granted and defendants' unnecessary costs defense will be stricken.

---

[1] The plaintiff's Motion also sought to exclude any evidence offered to support the defendants' affirmative defense that the plaintiff failed to mitigate its damages ("failure to mitigate defense"). [Rec. Doc. 256-1, at 1]. During a December 20, 2012 conference, the Court granted that part of the plaintiff's Motion and struck the defendants' failure to mitigate defense. [Rec. Doc. 262].

## I. PROCEDURAL HISTORY

The State of New York ("the State") filed suit against the defendants seeking to recover the costs of cleaning up contamination at the National Heatset Site ("the Site") and down-gradient of the Site. [Rec. Doc. 266]. On March 30, 2011, United States District Judge Sandra L. Townes granted the State's motion for summary judgment on the issue of the defendants'[2] liability under the CERCLA claim ("Townes Ruling"). [Rec. Doc. 222, at 42]. After resolving the question of CERCLA liability, the Court left the determination of damages for resolution at trial. [Rec. Doc. 222, at 43].[3] In particular, the Court found a trial necessary to resolve the "narrow issue of whether – or to what extent – Defendants should bear the costs associated with hazardous material detected downgradient from the Site," as the conflicting evidence submitted to the Court prohibited resolution of that issue at the summary judgment stage. [Rec. Doc. 222, at 37]. The relevance of this evidence in determining the amount of damages recoverable under the plaintiff's CERCLA claim lies at the heart of the plaintiff's Motion pending before the Court, as the defendants seek to require that the plaintiff prove at trial that the costs it expended to clean up the Site were both "consistent" with CERCLA's National Contingency Plan ("NCP") and were

---

[2] Of the original defendants, only One Adams Blvd. Realty Corp., Michael Adamowicz III (individually and as trustee), and Elizabeth M. Fraser (individually and as trustee) were held liable under the CERCLA claim. [Rec. Doc. 222, at 42]. Plaintiff's motion for summary judgment against defendants Rudolph Marconi, Michael Adamowicz IV, Bonnie Ann Fraser, and Mary Margaret Fraser Gamel was denied, and the case was dismissed against the latter three defendants. [Rec. Doc. 222, at 42-43]. On February 7, 2012, the Court approved a Consent Decree between the plaintiff and defendant Rudolph Marconi resolving all claims against him. [Rec. Doc. 248]. For the purposes of this Ruling, "defendants" refers only to the three defendants found liable under the CERCLA claim by the Townes Ruling.

[3] Although the Townes Ruling also granted plaintiff's motion for summary judgment on its second and third causes of action, public nuisance and restitution, [Rec. Doc. 222, at 43], plaintiff subsequently filed a Notice of Voluntary Dismissal as to these two claims. [Rec. Doc. 260]. The sole remaining claim in this proceeding is therefore plaintiff's CERCLA claim against defendants One Adams Blvd. Realty Corp., Michael Adamowicz III, and Elizabeth M. Fraser.

"necessary."

## II. LAW AND ANALYSIS

The plaintiff contends that it does not have to prove at trial that the costs it expended in cleaning up the Site were "consistent" with the NCP or that they were "necessary." Plaintiff asserts that the Townes Ruling "already determined that the State's response actions are not inconsistent" with the NCP and that this holding is therefore the law of the case. [Rec. Doc. 256-1, at 4-5]. The plaintiff argues that the defendants have not provided any "cogent" or "compelling" reasons to justify departing from the law of the case, and therefore the Townes Ruling as to the costs' consistency with the NCP should not be disturbed. [Rec. Doc. 256-1, at 5]. The plaintiff also moves to strike the defendants' unnecessary costs defense and preclude admission of all evidence submitted in support of this defense on the basis that such evidence is irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402. [Rec. Doc. 256-1, at 1]. As the Townes Ruling settled the question of consistency with the NCP, plaintiff contends that CERCLA does not impose any additional standard—namely, necessity of the costs—for it to meet in order to recover the costs it expended. [Rec. Doc. 256-1, at 4]. On this point, plaintiff argues in the alternative that defendants abandoned their unnecessary costs defense. [Rec. Doc. 256-1, at 6-7]. Plaintiff asserts that by pleading this defense in their answer to the complaint and then failing, at the summary judgment stage, to address the plaintiff's arguments in opposition or to raise issues of material fact, defendants abandoned those defenses. [Rec. Doc. 256-1, at 6-7].

In opposition, the defendants challenge the plaintiff's characterization of the Townes Ruling's holding, asserting that the Court did not in fact "determine that the costs incurred by the State were not inconsistent with the NCP," but that it had instead determined only two far

3

narrower issues. [Rec. Doc. 257, at 1]. As such, defendants assert that the "issue of whether the State's action were cost effective and thus not inconsistent with the NCP is a matter properly preserved for trial." [Rec. Doc. 257, at 2]. Defendants additionally argue that "[e]ven if the State's response actions were deemed not inconsistent with the NCP," the Court must still determine at trial whether "the actual response costs associated with the State's response actions . . . [were] cost-effective and necessary." [Rec. Doc. 257, at 2]. Defendants' opposition memorandum also challenges plaintiff's assertions that the defendants abandoned their unnecessary costs defense at the summary judgment stage and that the law of the case doctrine is applicable. [Rec. Doc. 257, at 3, 5]. Accordingly, defendants request that the Court deny the plaintiff's Motion in its entirety.

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if it "is of consequence in determining the action." Fed. R. Evid. 401. If evidence is not relevant under this definition, it is inadmissible. Fed. R. Evid. 402. The parties' dispute over the relevance of the unnecessary costs defense depends on the proper legal standard for the "incurred costs" element of plaintiff's CERCLA claim under section 107(a). Citing *Freeman v. Glaxo Wellcome, Inc.*, 189 F.3d 160, 163 (2d Cir. 1999), the Townes Ruling held that the third element of a prima facie case for CERCLA liability required the plaintiff to establish that "the release or threatened release [of hazardous materials] has caused the plaintiff to incur response costs that were necessary and consistent with the National Contingency Plan set up by CERCLA." [Rec. Doc. 222, at 14]. Second Circuit cases after *Freeman*, however, do not include the word "necessary" in any element making up a plaintiff's CERCLA claim under section 107(a), rather noting that costs and

response actions must only "conform to the national contingency plan." *See Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154, 168 (2d Cir. 2002) (quoting *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 528 (2d Cir. 1996), *overruled on other grounds by New York v. Nat'l Servs. Indus.*, 352 F.3d 682, 685-87 (2d Cir. 2003)); *see also New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (noting that under the test for prima facie CERCLA liability laid out in *Goodrich Corp.*, "[t]he State is not required to strictly minimize costs, but simply to conform its response costs to the national contingency plan."). The differences in the framing of this element of plaintiff's claim are central to the resolution of the Motion presently before the Court.

### A. The Townes Ruling Determined That The State's Response Costs Were Consistent With The NCP

Before addressing the viability of the unnecessary costs defense, the Court must resolve the defendants' contention that the Townes Ruling did not conclusively decide the issue of the costs' consistency with the NCP. [Rec. Doc. 257, at 1]. Section 107(a)(4)(A) provides that responsible parties, as defined by CERCLA, shall be liable for "all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A). Under either *Goodrich Corp.* or *Freeman*, it is clear that to establish a CERCLA claim under section 107(a), a plaintiff must show, at a minimum, that the response actions taken were consistent with the NCP. *See Goodrich Corp.*, 311 F.3d at 168 ("[A] finding of liability under § 107(a) requires proof that . . . the plaintiff incurred costs responding to the release or threatened release [of hazardous substances] . . . [and] the costs and response actions *conform to the national contingency plan*.") (emphasis added); *Freeman*, 189 F.3d at 163 ("[A] plaintiff must show that . . . the release or threatened

release has caused the plaintiff to incur response costs that were necessary *and consistent with the National Contingency Plan set up by CERCLA.*") (emphasis added). Among other factors, to be "consistent" with the NCP, remedial actions must be cost-effective. *See* 40 C.F.R. § 300.430(f)(ii)(D) ("Each remedial action selected shall be cost-effective . . . . A remedy shall be cost-effective if its costs are proportional to its overall effectiveness.").[4]

"Courts presume that actions undertaken" a state government are "consistent with the National Contingency Plan." *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 137 (2d Cir. 2010). Therefore, the defendants bear the burden of proving inconsistency by showing that the State "acted arbitrarily and capriciously in choosing a particular response action." *Betkoski*, 99 F.3d at 528; *see also United States v. E.I. du Pont de Nemours & Co., Inc.*, 341 F. Supp. 2d 215, 232 (W.D.N.Y. 2004).

The Townes Ruling noted that the defendants predicated their allegation that the plaintiff's response efforts were materially inconsistent with the NCP on two separate assertions. The defendants' first assertion related to the State's alleged failure to implement the specific remedies discussed in the Record of Decision (ROD) or Explanation of Significant Differences (ESD) and plaintiff's selection of a different remedy that was not included in an amendment mandated by New York regulations. [Rec. Doc. 222, at 18-19]. The second assertion related to the alleged inadequacy of the information presented in the ROD and incorporated an allegation that the plaintiff had again failed to amend the ROD to include specific information required by law. [Rec. Doc. 222, at 20]. After reviewing the relevant jurisprudence and evidence, Judge

---

[4] The parties agree that an action must be cost-effective in order to be consistent with the NCP. [Rec. Doc. 258, at 1; Rec. Doc. 257, at 2-3 (citing cases)].

Townes concluded that the defendants "have not met the burden of showing that [New York's Department of Environmental Conservation's] decision not to issue an ESD or ROD amendment was arbitrary and capricious." [Rec. Doc. 222, at 21].

As evidenced by the cited language, the Townes Ruling determined that the defendants failed, under the only two theories they asserted in support of their argument on this element of the CERCLA claim, to show that the plaintiff acted arbitrarily and capriciously in choosing its particular response action. Under the law set out above, this in turn produced several derivative conclusions: (1) the defendants failed to meet their requisite burden under *Betkowski* to prove the plaintiff's actions were inconsistent with the NCP; (2) in the absence of such a showing by the defendants, the Court presumed, as mandated by the Second Circuit in *Niagra Mohawk*, that the actions undertaken by the State were consistent with the NCP; (3) the conclusion of consistency with the NCP necessarily included a finding that the remedial actions were cost-effective under 40 C.F.R. § 300.430(f)(ii)(D); and (4) as the State's actions were consistent with the NCP, the plaintiff had established the third element of its CERCLA claim. Indeed, although the Townes Ruling did not explicitly state that the plaintiff established consistency with the NCP, this conclusion is inherent in Judge Townes' grant of summary judgment on the CERCLA claim in favor of the plaintiff. The defendants' contention that the Townes Ruling did not determine that the costs incurred by the State were "not inconsistent with the NCP" is therefore without merit.

The Court will adhere to the law of the case as to the consistency of the plaintiff's actions with the NCP.[5] Under the law of the case doctrine, "when a court decides upon a rule of law,

---

[5] As set out above, the Townes Ruling's conclusion as to the consistency of the plaintiff's actions with the NCP necessarily incorporated a finding that those actions were cost-effective. The issue of cost-effectiveness, too, has therefore been established as the law of the case.

that decision should continue to govern the same issues in subsequent stages in the same case." *DiLaura v. Power Auth. of N.Y.*, 982 F. 2d 73, 76 (2d Cir. 1992). Although in the Second Circuit adherence to the law of the case doctrine is discretionary, *see id.,* departure from the law of the case is justified only when there are "cogent" and "compelling" reasons for doing so. *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002). Here, the defendants have contended that the "law of the case doctrine is inapplicable" rather than presenting any "cogent" or "compelling" reasons to justify departure from the law of the case. Consequently, defendants will be prohibited at trial from introducing evidence in support of its view that the plaintiff's actions were not cost-effective or not consistent with the NCP.

### B. The Defendants' Unnecessary Costs Defense Will Be Stricken And Evidence Offered In Support Of This Defense Will Be Excluded

The Court also will strike the defendants' unnecessary costs defense and prohibit admission of any evidence submitted for the purpose of showing that the plaintiff's costs expended were unnecessary, as such evidence is irrelevant to the remainder of the litigation. The test for recovery of damages under a CERCLA claim, as outlined by *Goodrich Corp.,* does not include the term "necessary costs" as part of plaintiff's prima facie case. *See* 311 F.3d at 168. Numerous cases from the Second Circuit, both before and after *Goodrich Corp.*, similarly require only conformity or consistency with the NCP and do not incorporate a "necessary" standard for the plaintiff to meet. *See, e.g., General Elec. Co. v. AAMCO Transmissions, Inc.*, 962 F.2d 281, 285 (2d Cir. 1992); *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1198 (2d Cir. 1992); *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 532 F. Supp. 2d 477, 506 (W.D.N.Y. 2007); *New York v. Solvent Chem. Co., Inc.*, 225 F. Supp. 2d 270, 277 (W.D.N.Y. 2002). In contrast to this

formulation stands *Freeman*, which states that a plaintiff bringing a CERCLA claim under section 107 must show that the response costs "were *necessary* and consistent" with the NCP. *Freeman*, 189 F.3d at 163 (emphasis added).

Such a characterization appears to incorporate terms used by two separate sections of section 107(a). *See* 42 U.S.C. §§ 9607(a)(4)(A)-(B) (outlining the scope of liability for covered persons subject to liability for CERCLA violations). Section 107(a)(4)(A) ("Section A") states that responsible parties shall be liable for "all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe *not inconsistent with* the [NCP]." 42 U.S.C. § 9607(a)(4)(A) (emphasis added). Section 107(a)(4)(B) ("Section B"), however, assigns liability for different costs, under a different standard, stating that responsible parties shall be liable for "*any other necessary costs* of response incurred by any other person *consistent with* the [NCP]." 42 U.S.C. § 9607(a)(4)(B) (emphasis added). As highlighted by the Second Circuit in *Betkoski*, the two statutory sections specify different remediation expenses for which a responsible party can be liable: first, under Section A, are "all costs of removal . . . not inconsistent with the national contingency plan," and second, under Section B, are "other necessary response costs." *See Betkoski*, 99 F.3d at 514. This view was confirmed in *United States v. Atlantic Research Corp.*, in which the United States Supreme Court stated that "[b]y using the phrase 'other necessary costs,' subparagraph (B) [of section 107(a)(4)] refers to and differentiates the relevant costs from those listed in subparagraph (A)." 551 U.S. 128, 135 (2007).

To explain the different standards and different costs recoverable under the two sections, courts have held that the cause of action granted by Section A is one given solely to

9

governmental entities, while the cause of action granted by Section B is one given to private parties. *See Atlantic Research*, 551 U.S. at 135-36 ("[S]ubparagraph (A) . . . permits suit *only* by the United States, a State, or an Indian Tribe. The phrase 'any other person' [in Section B] therefore means any person *other than those three*. . . . Consequently, the plain language of subparagraph (B) authorizes cost-recovery actions by any private party, including [other responsible parties].") (emphasis added).[6] "CERCLA creates a regime of broad-ranging liability, permitting the government to recover its remediation expenses directly from parties responsible for pollution, *see* 42 U.S.C. § 9607(a)(4)(A), and authorizing private parties to pursue contribution or indemnification from potentially responsible parties for expenses incurred responding to environmental threats, *see* 42 U.S.C. § 9607(a)(4)(B)." *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 326 (2d Cir. 2000).[7] To cement the differences in recovery under the two sections, the Second Circuit held that courts are entitled to presume that actions undertaken by federal or state governments are consistent with the NCP, but that "private parties that have responded to hazardous substances must establish compliance" without entitlement to

---

[6] *See Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 681-82 (S.D.N.Y. 1996) ("CERCLA provides separate provisions for cost recovery actions brought by 'the United States Government or a State,' 42 U.S.C. § 9607(a)(4)(A), and for those brought by 'any other person.' 42 U.S.C. § 9607(a)(4)(B). Those provisions carry with them different standards and burdens of proof. Compare § 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A) (response costs incurred by the federal or state government must not be inconsistent with the national contingency plan) with § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B) (response costs incurred by 'any other person' must be necessary and consistent with the national contingency plan)."); *see also City of N.Y. v. Chem. Waste Disposal Corp.*, 836 F. Supp. 968, 972 (E.D.N.Y. 1993) ("The federal and state governments can recover remedial and removal costs from responsible parties if such efforts are 'not inconsistent with the National Contingency Plan ('NCP').' 42 U.S.C. § 9607(a)(4)(A). Any other person who is acting consistent with the NCP may recover any necessary response costs from responsible parties. 42 U.S.C. § 9607(a)(4)(B).").

[7] *Cf. Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 163 n.3 (2004) ("The cost recovery remedy of § 107(a)(4)(B) and the contribution remedy of § 113(f)(1) are similar at a general level in that they both allow *private parties* to recoup costs from other private parties.") (emphasis added).

such a presumption. *Niagara Mohawk*, 596 F.3d at 137.

In this case, the plaintiff's Summary Memorandum asserts that the State seeks damages only for costs expended solely under Section A, which assigns liability for all costs "not inconsistent" with the NCP. [Rec. Doc. 266]. The plaintiff therefore argues that as it seeks damages solely under Section A, the defendants' arguments as to "unnecessary costs" are rendered irrelevant because it is not seeking to recover "other necessary costs" under Section B. [Rec. Doc. 266]. A review of the plaintiff's motion for summary judgment reveals that the plaintiffs sought recovery exclusively under Section A and never addressed the issue of "necessary costs" under Section B. [Rec. Doc. 215-11, at 5, 12-13] (citing Section A as the "liability provision" of the CERCLA statute without mention of Section B); *see also Reply Memorandum of Law* [Rec. Doc. 258, at 1] (citing only to Section A as the provision outlining recovery under CERCLA). The defendants, in opposition, rely in part on *Betkowski* to advocate the "necessary costs" standard. [Rec. Doc. 264, at 2]. As the plaintiff points out, however, the cited portion of *Betkowski* on which the defendants rely explicitly quotes Section B and not Section A. *See Betkowski*, 99 F.3d at 527-28.

The Court finds that the absence of the word "necessary" in Section A is determinative in reaching the conclusion that the unnecessary costs defense is not relevant to the plaintiff State of New York's CERCLA claim. Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotation marks and citations omitted); *see, e.g., Sompo Japan*

11

*Ins. Co. of Am. v. Union Pac. R.R. Co.*, 456 F.3d 54, 71 (2d Cir. 2006).[8] Although the Court is aware that in *Freeman*, the Second Circuit merged the "necessary" and "consistent" standards into a single cost element for the plaintiff to meet, *see Freeman*, 189 F.3d at 163, the Court observes that in *Freeman*, unlike the case at bar, the parties seeking recovery for expended costs were private parties. *See id.* at 161 (listing the appellants as private parties and noting that the United States, the originator of the lawsuit, settled with the defendants before the instant appeal). Furthermore, as set out above, Second Circuit cases after *Freeman* do not include the word "necessary" in any element making up a plaintiff's CERCLA claim under section 107(a), instead holding that a plaintiff's costs and response actions must only "conform to the national contingency plan." *See Goodrich Corp.*, 311 F.3d at 168 (2d Cir. 2002); *Green*, 420 F.3d 99 at 109.

The Court concludes that, as "many other courts have recognized, '[n]o factor of reasonableness or necessity of individual remedial costs is explicitly or implicitly required'" for a governmental entity to recover costs incurred under section 107(a)(4)(A). *E.I. du Pont,* 341 F. Supp. 2d at 242 (alterations in original) (citing cases). Thus the plaintiff does not have to show that the costs it expended in the case at bar were "necessary." Rather, under its section 107(a)(4)(A) claim, it needed to show only that its "costs of removal or remedial action incurred" were "not inconsistent with the [NCP]." That issue was previously decided by the Townes

---

[8] *See also United States v. Kramer*, 913 F. Supp. 848, 863 (D.N.J. 1995) ("Moreover, Congress's use of the words 'necessary' and 'reasonable' in section 107(a)(4)(B), concerning cost recovery by private parties . . . implies that Congress did consider when to make cost recovery contingent upon the necessity or reasonableness of costs. The absence of either word in the section addressing the government's right to cost recovery [, section 107(a)(4)(A)], clearly indicates that Congress did not intend for the [government] to be so limited."); *E.I. du Pont*, 341 F. Supp. 2d at 242 (recognizing Congress's intention not to limit the federal government by purposefully omitting the word 'necessary' from section 107(a)(4)(A)).

Ruling and is the law of the case. No evidence of the costs expended by the State will be allowed at trial and the defendants' unnecessary costs defense will be struck in its entirety.[9]

### III. THE REMAINING ISSUES FOR TRIAL

After review of the Townes Ruling and the parties' Summary Memoranda, the Court concludes that the following issues remain to be tried:

(1) Are the defendants liable for contamination of the property down-gradient from the Site? [Rec. Doc. 222, at 37].

(2) If the defendants are liable for down-gradient contamination, what costs are they liable for as to this down-gradient contamination? [Rec. Doc. 222, at 37, 43].

(3) What are the total costs for which the defendants are liable under plaintiff's CERCLA claim? [Rec. Doc. 222, at 43].

### IV. CONCLUSION

Based on the foregoing, plaintiff's Motion in Limine will be granted and the Court will strike the defendants' unnecessary costs defense. The remaining issues to be tried are set out above in Section III of this Ruling.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

March 20, 2013
Brooklyn, NY

---

[9] As the Court has determined, for the reasons set out above, that the defendants' unnecessary costs defense will be struck in its entirety, the Court does not reach the plaintiff's argument as to the defendants' alleged abandonment of the defense.